UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN KRONA,

           Plaintiff,

v.

JESUS CASTILLO,

           Defendant.

Case No. C11-315-JLR-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND SUMMARY CONCLUSION

In this 42 U.S.C. § 1983 action, *pro se* plaintiff Marvin Krona, proceeding *in forma pauperis* ("IFP"), alleges that defendant Snohomish County Deputy Sheriff Jesus Castillo violated his constitutional rights by falsely arresting him for disorderly conduct, which led to his truck being impounded by a private party. (Dkt. 11, at 1–3.) Deputy Castillo moves for summary judgment, contending that he had probable cause to make an arrest, is entitled to qualified immunity, and was not responsible for an unnamed, third party impounding plaintiff's truck; furthermore, he notes that any inchoate claims made against the Snohomish County Sheriff by plaintiff's inclusion of that person or office in his caption is unsupported by plausible allegations. (Dkt. 17.) Plaintiff opposes defendant's summary judgment motion but does not support his position

with admissible evidence or non-conclusory statements (Dkt. 19); he also moves to continue this matter without stating how additional time would assist his opposition to defendant's motion (Dkt. 30). The Court recommends **GRANTING** defendant's motion for summary judgment because there is no genuine issue of material fact and Deputy Castillo is entitled to judgment as a matter of law that he did not violate plaintiff's constitutional rights (Dkt. 17); **DISMISSING** without prejudice any claims against the Snohomish County Sheriff for failure to state a claim; **DENYING** plaintiff's motion to continue this matter (Dkt. 30); and **GRANTING** plaintiff's motion to withdraw (Dkt. 28) his motion to voluntarily dismiss his case (Dkt. 25). The Court also recommends **REVOKING** plaintiff's IFP status because any appeal of this matter would be frivolous. If he chooses to appeal, plaintiff may reapply for IFP status before the United States Court of Appeals for the Ninth Circuit.[1]

## II. BACKGROUND

Plaintiff contends that on February 11, 2008, Deputy Castillo falsely arrested him for disorderly conduct, which led to plaintiff's truck being impounded because Deputy Castillo would not let plaintiff give his vehicle away to someone else. (Dkt. 11, at 2–3.) According to plaintiff, the charge of disorderly conduct was dismissed on November 6, 2008. (*Id.* at 3.) For relief, plaintiff seeks damages for time incarcerated, missed work, mental anguish, and the cost of the truck impoundment. (*Id.* at 2–3.)

The Court converted Deputy Castillo's motion to dismiss into a motion for summary judgment and allowed plaintiff additional time to respond because defendant submitted evidence to refute plaintiff's factual allegations. (Dkt. 21.) In October 2011, plaintiff moved to voluntarily dismiss his complaint because he believed that the resentment he harbored was

---

[1] In an earlier order, the Court dismissed plaintiff's claims against Snohomish County Deputy Sheriff Tangborn as time-barred. (Dkt. 14.)

interfering with his sobriety and recovery from substance abuse. (Dkt. 25.) Defendant responded that if voluntary dismissal was granted, the matter should be dismissed with prejudice,[2] a 28 U.S.C. § 1915(g) strike should be assessed, plaintiff should pay attorney's fees, and plaintiff should be barred from bringing other lawsuits until all debts to defendant and the Snohomish County Sheriff's Office were fully paid. (Dkt. 26.) Plaintiff then moved to withdraw his motion to voluntarily dismiss. (Dkt. 28.) Later, plaintiff filed a surreply on defendants' motion for summary judgment in which he also moved for a continuance of this matter. (Dkt. 30.)

### III. DISCUSSION

The uncontroverted evidence demonstrates that Deputy Castillo had probable cause to arrest plaintiff and that defendant's conduct—and the conduct of his office and/or supervisor—did not violate plaintiff's constitutional rights; regardless, Deputy Castillo is entitled to qualified immunity. Because there is no genuine issue of material of fact for trial, Deputy Castillo is entitled to summary judgment as a matter of law.[3] Because the Snohomish County Sheriff was never served with the complaint and there are no plausible allegations against him or his office,

---

[2] The Court notes that had voluntary dismissal had been granted without prejudice, it would have been the functional equivalent of dismissal *with* prejudice because plaintiff filed his suit against Deputy Castillo a day before the expiry of the statute of limitations.

[3] Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court draws all reasonable inferences in favor of the non-moving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. V. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). It should also be granted where there is "a complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp.*, 477 U.S. at 323. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.*, 68 F.3d at 1221.

plaintiff's intimations of improper conduct should be dismissed without prejudice. Because plaintiff has stated no reasons why additional time would alter the outcome of this case, his motion for a continuance should be denied. Because an appeal would be frivolous, plaintiff's IFP status should be revoked. If plaintiff chooses to appeal, he may reapply for IFP status before the Ninth Circuit.

**A. Claims Against Deputy Castillo**

Plaintiff contends that Deputy Castillo violated his constitutional rights by (1) falsely arresting him for disorderly conduct, and (2) not permitting the intoxicated plaintiff to give his truck away on the spot to a third party unknown to Deputy Castillo. Neither claim has merit.

**1. False Arrest**

An arrest is constitutionally valid if it is supported by probable cause. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964). Police have probable cause to make an arrest when "the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Id.* Federal courts, when evaluating a custodial arrest by state officials, must determine the reasonableness of the arrest in reference to state law governing the arrest. *Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1038 (9th Cir. 1996), *citing United States v. Mota*, 982 F.2d 1384, 1388 (9th Cir. 1993). Under Washington law, a person is guilty of the misdemeanor of disorderly conduct if that person (a) uses abusive language and thereby intentionally creates a risk of assault, (b) intentionally disrupts any lawful assembly or meeting without lawful authority to do so, (c) intentionally obstructs vehicular or pedestrian traffic without lawful authority, or (d) intentionally engages in certain conduct within 500 feet of certain locations and processions involving funerals. RCW § 9A.84.030.

The uncontroverted evidence shows that Deputy Castillo had probable cause to arrest plaintiff for disorderly conduct. Deputy Castillo investigated a reported road rage incident on Highway 522—plaintiff's truck had blocked traffic and plaintiff had menaced another driver who called the police—and found that plaintiff's truck had already been towed to an unknown location. (Dkt. 18 (hereinafter "Castillo Decl."), at 2.) Less than two hours later, Deputy Castillo heard that Monroe police officers were at the Buzz Inn restaurant and had encountered plaintiff there. (*Id.* at 2.) When Deputy Castillo arrived at the Buzz Inn, he found plaintiff's truck and discovered that plaintiff that so intoxicated that he had difficulty standing. (*Id.* at 3.) He then requested that Sara Fontaine, the complainant in the road-rage incident, respond to the scene and to provide a statement. (*Id.*) Ms. Fontaine stated that plaintiff's vehicle swerved all over the road and eventually stopped directly in front of her, blocking traffic. (Dkt. 18-1, at 1.) After Ms. Fontaine honked, plaintiff stumbled out of his vehicle, came to Ms. Fontaine's window, and yelled obscenities at her while telling her to roll down her window. (*Id.*) She then called 911. (*Id.*) When Ms. Fontaine finally passed plaintiff's truck, plaintiff flipped her off and screamed another obscenity. (*Id.* at 2.) From Ms. Fontaine's statement and his own observations of plaintiff's "intoxicated and belligerent state," Deputy Castillo determined that he had probable cause to arrest plaintiff; and he believed, due to past experience with plaintiff, that plaintiff was likely to harm someone if not placed in custody. (Deputy Castillo Decl., at 3–4.) Deputy Castillo reports that while en route to the jail plaintiff threatened to "put a bullet through my eyes and my brain." (*Id.* at 4.)

Although plaintiff broadly refers to Deputy Castillo's and Ms. Fontaine's statements as "lies," he does not provide an alternative account and does not state how Deputy Castillo lacked probable cause to make an arrest for disorderly conduct given Ms. Fontaine's statements and his

own observations of plaintiff's intoxicated state. (Dkt. 19.) Regardless, Deputy Castillo is also entitled to qualified immunity because a reasonable officer would not believe it to be a constitutional violation to arrest plaintiff under the circumstances.[4] Deputy Castillo is entitled to summary judgment on plaintiff's claim of false arrest.

**2. Impoundment of Vehicle**

Plaintiff contends that Deputy Castillo violated his constitutional rights in an unspecified manner by taking possession of plaintiff's car keys instead of allowing plaintiff to give his vehicle away on the spot to the tow-truck operator. (Dkt. 19.) This vague claim lacks merit.

It is uncontroverted that plaintiff was intoxicated and attempted to give away his truck while in the restaurant parking lot. Deputy Castillo states that "[d]ue to Marvin Krona's intoxicated state, I determined that it was unlikely he made a conscious decision to 'give' his vehicle away." (Deputy Castillo Decl., at 4.) Neither Deputy Castillo nor the Sheriff's Office impounded plaintiff's vehicle, which was left where it was parked at the Buzz Inn restaurant. (*Id.*) The vehicle thus was impounded by a non-party to this lawsuit.

To the extent plaintiff raises a due-process claim, he must show (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). It is uncontroverted that neither Deputy Castillo nor the Sheriff's Office impounded plaintiff's truck; rather, Deputy Castillo took the keys from someone who claimed plaintiff, while heavily

---

[4] The qualified immunity inquiry has two parts: whether the facts alleged or shown make out a violation of a constitutional right; and whether the right at issue was "clearly established" at the time of a defendant's alleged misconduct. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002). To be clearly established, the contours of the right must be sufficiently clear that a reasonable officer would understand that what he was doing violates that right. *Saucier*, 533 U.S. at 202. Courts may exercise their sound discretion in deciding which of the two *Saucier* prongs to address first. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

intoxicated, had given the truck to him. (Dkt. 19, at 1–2; Deputy Castillo Decl., at 4.) Had an unnamed, non-party not impounded plaintiff's truck, it might be sitting in the restaurant parking lot to this very day. Thus, not only was there no governmental conduct that deprived plaintiff of his property, Deputy Castillo ensured that plaintiff retained ownership of his vehicle rather than being deprived permanently of it by a still unnamed third party. In any event, Deputy Castillo's conduct is protected by qualified immunity because a reasonable officer would not have believed it to be a constitutional violation to keep heavily intoxicated person from giving away his motor vehicle.

**B. Claims Against Snohomish County Sheriff**

Although plaintiff listed the Snohomish County Sheriff as a defendant in the caption of his Amended Complaint, the Court did not have the Amended Complaint served upon the Snohomish County Sheriff because no factual allegations of improper conduct were made against the Sheriff or his office. (Dkts. 11, 12, 14.) To the extent plaintiff continues to assert claims against the Snohomish County Sheriff, he has raised no plausible constitutional violations. A municipality may not be held liable unless its policy or custom caused the constitutional injury. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166. Plaintiff has failed to specify the policy or custom that caused his alleged injury and the Court cannot discern from the record what policy or custom might have caused a constitutional injury.

**C. Plaintiff's Motion for a Continuance**

In a surreply dated October 31, 2011, i.e., after the noting date for the summary-judgment motion, plaintiff moved to continue this case, alleging that he has no access to a law library or any material to state his case. (Dkt. 30.) The Court finds that plaintiff has failed to explain how

his opposition to defendants' summary-judgment motion would be assisted by further discovery and fails to specify any substantive reasons for denying the summary-judgment motion. *See* Fed. R. Civ. P. 56(d). The Court recommends denying plaintiff's motion for a continuance. (Dkt. 30.)

**D.  Revocation of IFP Status**

The Court finds that plaintiff's IFP status should be revoked because any appeal of this matter would be frivolous. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

## IV.  CONCLUSION

The Court recommends **GRANTING** defendant's motion for summary judgment because there is no genuine issue of material fact and Deputy Castillo is entitled to judgment as a matter of law that he did not violate plaintiff's constitutional rights (Dkt. 17); **DISMISSING** without prejudice any claims against the Snohomish County Sheriff for failure to state a claim; **DENYING** plaintiff's motion to continue this matter (Dkt. 30); and **GRANTING** plaintiff's motion to withdraw (Dkt. 28) his motion to voluntarily dismiss his case (Dkt. 25). The Court also recommends **REVOKING** plaintiff's IFP status because any appeal of this matter would not be taken in good faith. If he does choose to appeal, he may reapply for IFP status before the Ninth Circuit.

DATED this 23rd day of January, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge